IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY BECHHOLD,

    Plaintiff,                         No. CIV S-09-1298 JAM KJM PS

    vs.

PLACER COUNTY, et al.,

    Defendants.                    FINDINGS AND RECOMMENDATIONS

_____/

        Defendants' motion to dismiss came on regularly for hearing on November 18, 2009. Plaintiff Bechhold appeared in propria persona. Karin Schwab appeared for defendants Placer County and Bob Martino, Placer County Building Inspector. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        Among other grounds, defendants seek dismissal for lack of subject matter jurisdiction. Plaintiff alleges only state law claims against defendants Placer County and Martino, for breach of contract, abuse of process and intentional infliction of emotional distress arising out of plaintiff's having built a barn on his property, which is private property located in the Tahoe National Forest. Plaintiff challenges the conditions Placer County placed on a use

1

permit plaintiff obtained for a commercial operation on his property.  The use permit expired November 4, 2008.  See Am. Compl. (docket no. 5) at 3:5-6.[1]  Plaintiff alleges defendant Placer County unlawfully placed conditions on the use permit by requiring him to improve a road located on U.S. Forest Service land and to remove trees for improving vision for persons traversing the road to plaintiff's property.

Plaintiff also names as a defendant the U. S. Forest Service, but there is no evidence in the file that this defendant has been served.  Plaintiff alleges no claims against this defendant.  The only connection to this defendant alleged in the complaint is a request for a declaration that Placer County has no jurisdiction over U. S. Forest Service roads.  Am. Compl. at 5:3-13.  Because there is no actual case or controversy between plaintiff and the U. S. Forest Service, declaratory relief is unavailable under 28 U.S.C. § 2201.  See Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 669 (9th Cir. 2005) (actual case or controversy within federal court's jurisdiction must exist before declaratory relief may be granted); see also Fidelity & Cas. Co. v. Reserve Ins. Co., 596 F.2d 914, 916 (9th Cir. 1979) (section 2201 does not itself confer federal subject matter jurisdiction).

Moreover, as alleged, the use permit issued to plaintiff has expired.  Accordingly, plaintiff's claim that he is being subjected to county-imposed conditions on the use of his land, which conditions are preempted by federal regulation, is not ripe for adjudication.  In addition, the Weeks Act provides in pertinent part for state and local regulation over rights-of-way granted in forest service lands.  See 16 U.S.C. § 521g; see also 36 C.F.R. § 14.9(a) (applicant for right-of-way must comply with state and federal laws applicable to the project for which right-of-way is approved).

/////

/////

---

[1] At hearing, defendants' counsel also stated the permit had expired.

1        Plaintiff has failed to establish a basis for federal subject matter jurisdiction over
2   his state law claims against the County and its employee.  In opposition, plaintiff advances no
3   argument that could support a proper basis for subject matter jurisdiction.  For these reasons,
4   defendants' motion under Federal Rule of Civil Procedure 12(b)(1) should be granted.
5        Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion to
6   dismiss for lack of subject matter jurisdiction be granted.
7        These findings and recommendations are submitted to the United States District
8   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten
9   days after being served with these findings and recommendations, any party may file written
10  objections with the court and serve a copy on all parties.  Such a document should be captioned
11  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
12  shall be served and filed within ten days after service of the objections.  The parties are advised
13  that failure to file objections within the specified time may waive the right to appeal the District
14  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
15  DATED:  November 30, 2009.

_____
U.S. MAGISTRATE JUDGE

006
bechhold.57

3